UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 13-11115-GAO

BARRY C. McANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND, and MASSACHUSETTS LABORERS' ANNUITY FUND; JAMES V. MERLONI, JR., as he is ADMINISTRATOR, NEW ENGLAND LABORERS' TRAINING TRUST FUND; and JOSEPH BONFIGLIO, as he is TRUSTEE, MASSACHUSETTS LABORERS' LEGAL SERVICES FUND,
Plaintiffs,

v.

OPTIMUM BUILDING & INSPECTION CORPORATION,
Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION
April 20, 2016

O'TOOLE, D.J.

After this Court entered a default judgment against the defendant, Optimum Building & Inspection Corp. ("Optimum"), the plaintiffs moved to compel the defendant to respond to discovery requests in order to identify assets that might be available to satisfy the judgment. The motion to compel was referred to the magistrate judge, who granted it on August 31, 2015. When the defendant failed to comply with the Court's order, the plaintiffs filed a motion for a finding of contempt against Optimum and its President, Treasurer, Secretary, Director, and Registered Agent, Jeffrey E. Williams. The motion was referred to the same magistrate judge for a report and recommendation ("R&R").

The magistrate judge now recommends that Optimum and Williams both be held in contempt of court and be ordered to pay $3,440.11 for disregarding the post-judgment discovery order. That amount represents the plaintiffs' costs and attorney's fees in attempting to obtain

Optimum's compliance with the discovery order. In her R&R, the magistrate judge declined to recommend that a *capias ad respondendum*—a civil arrest warrant—or a $250 per day fine issue against Optimum and Williams at this time. However, the magistrate judge did recommend that such additional sanctions be imposed if Optimum and Williams continued to defy the post-judgment discovery order.

The defendant has maintained its non-responsive posture in this case by ignoring the magistrate judge's R&R. There is no reason to doubt that Optimum and Williams have actual notice of the relevant orders and motion papers. The plaintiffs served Williams with the post-judgment discovery order and the default judgment via certified mail and received a signed return receipt. The plaintiffs also certified that they had the relevant sheriff's office serve Williams the motion for sanctions by hand. Williams and Optimum's continued defiance of the discovery order is sanctionable.

After reviewing the relevant pleadings and the R&R, I ADOPT the magistrate judge's R&R (dkt. no. 35) in its entirety. The plaintiffs' Motion for a Finding of Civil Contempt (dkt. no. 31) is GRANTED as recommended by the magistrate judge.

Accordingly, this Court finds Optimum and Williams in contempt for their failure to respond to the discovery order. Within fourteen (14) days of the date of this order, Optimum and Williams are jointly and severally ordered to pay the plaintiffs the amount of $3,440.11 as compensation for costs and attorney's fees. They are further ordered to respond within fourteen (14) days of the date of this order to the plaintiffs' May 8, 2015 discovery requests.

If Optimum and Williams fail to comply with this Order and fail to show good cause for that failure, they will be fined an additional $250 per day until compliance is obtained, and on

application by the plaintiffs, a *capias ad respondendum* will issue against Williams to bring him before the Court.

The plaintiffs shall serve a copy of this Order and the Report and Recommendation on Optimum and Williams in a manner consistent with Federal Rule of Civil Procedure 5(b)(2)(A) or (B) or by mailing a copy to them at the defendant's address of record with the Secretary of the Commonwealth.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARRY C. McANARNEY, as he is ) <br> EXECUTIVE DIRECTOR, ) <br> MASSACHUSETTS LABORERS' ) <br> HEALTH AND WELFARE FUND, ) <br> MASSACHUSETTS LABORERS' ) <br> PENSION FUND and MASSACHUSETTS ) <br> LABORERS' ANNUITY FUND, et al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> OPTIMUM BUILDING & INSPECTION ) <br> CORPORATION, ) <br> ) <br> Defendant. ) | Civil Action No. 13-11115-GAO |

## REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR CONTEMPT
[Docket No. 31]

March 25, 2016

Boal, M.J.

On December 9, 2013, the District Court entered a default judgment in favor of plaintiffs and against defendant Optimum Building & Inspection Corporation ("Optimum"), in the amount of $75,172.69, with interest as provided by law. Docket No. 18. On August 31, 2015, the Court granted in part the plaintiffs' motion to compel compliance with post-judgment discovery. Docket No. 30. Plaintiffs now move for an order finding Optimum and its principal officer Jeffrey Williams in contempt for their failure to comply with the Court's order. Docket No. 31.[1]

---

[1] The District Court referred the motion to the undersigned on December 9, 2015. Docket No. 34.

1

Plaintiffs also seek an order imposing conditional and compensatory fines upon Optimum and Williams, and to issue a capias against Williams. Id. For the following reasons, the Court recommends that the Court grant the motion in part as detailed below.

I. BACKGROUND

On December 9, 2013, the District Court entered a default judgment in favor of plaintiffs and against defendant Optimum Building & Inspection Corporation ("Optimum"), in the amount of $75,172.69, with interest as provided by law. Docket No. 18. Plaintiffs sought to enforce the judgment against Optimum and to elicit post-judgment discovery from Optimum to identify assets which might be available to satisfy the judgment. Optimum did not respond to plaintiffs' discovery requests.

On June 17, 2015, plaintiffs moved to compel Optimum to respond to their post-judgment discovery requests in aid of execution of judgment. Docket No. 26. Plaintiffs also sought an award of costs and attorney's fees incurred in filing the motion. On August 31, 2015, the Court granted in part the motion. Docket No. 30. The Court ordered Optimum to respond to the plaintiffs' discovery requests within thirty days of the date of the Court's order. Id. The Court declined to award costs and attorney's fees. Id.

On or about September 16, 2015, Attorney Alexander Sugerman-Brozan, plaintiffs' counsel, sent a copy of the Court's order and a cover letter to Optimum via certified mail, return receipt requested. Sugerman-Brozan Aff. at ¶ 2.[2] The letter was addressed to Jeffrey Williams, who is the President, Treasurer, Secretary, Director and Resident Agent of Optimum. Id. at ¶ 5.

---

[2] "Sugerman-Brozan Aff." refers to the Affidavit of Alexander Sugerman-Brozan in Support of Plaintiffs' Motion for a Finding of Civil Contempt Against Defendant and its Principal Officer Jeffrey Williams, for the Award of Compensatory and Conditional Fines and for the Issuance of a Capias. Docket No. 32-1.

2

Mr. Sugerman-Brozan received the certified mail receipt showing that Optimum received the order and letter on September 22, 2015. Id. at ¶ 3. Optimum failed to comply with the Court's order within thirty days of receiving the letter and order. Id. at ¶ 4. As of the filing of the instant motion, Optimum had not complied with the order. Id.

On November 10, 2015, the plaintiffs filed the subject motion. Docket No. 31. Optimum has not filed an opposition.[3]

II.     ANALYSIS

   A.     Standard Of Review

Independent of any statute or rule, the trial court has the power to sanction for contempt. In re Grand Jury Investigation, 545 F.3d 21, 25 (1st Cir. 2008). Civil contempt must be established by clear and convincing evidence and the violated order must be clear and unambiguous in its terms. Gemco Latinoamerica v. Seiko Time Corp., 61 F.3d 94, 98 (1st Cir. 1995); see also In re Grand Jury Investigation, 545 F.3d at 25.

Impossibility or inability to comply with an order is a valid defense to civil contempt charges. Star Fin. Servs., Inc. v. Aastar Mortg. Corp., 89 F.3d 5, 13 (1st Cir. 1996). The party raising a defense of impossibility bears the burden of establishing the defense clearly and categorically. Morales Feliciano v. Rosello Gonzalez, 124 F. Supp. 2d 774, 786 (D.P.R. 2000) (citations omitted).

---

[3] Plaintiffs certified that on November 10, 2015, they sent paper copies of the motion to the Hampden County Sheriff's Office to be served in hand upon Mr. Williams, who is the Registered Agent for Optimum listed with the Secretary of the Commonwealth of Massachusetts. Docket No. 31 at 3.

3

B. <u>Optimum Has Failed To Comply With The Order</u>

Here, Plaintiffs have shown that Optimum has not complied with the Court's clear and unambiguous order directing it to respond to the plaintiffs' discovery requests. Plaintiffs have shown that Optimum was aware of the order, as Mr. Sugerman-Brozan received a certified mail receipt indicating that Optimum had received a copy of the Court's order. In addition, Optimum has not responded to the plaintiffs' motion and has therefore advanced no reason why it cannot comply with the order. Accordingly, the Court recommends that the District Court find Optimum in contempt.

C. <u>Mr. Williams Should Also Be Held In Contempt</u>

The plaintiffs seek to hold Mr. Williams in civil contempt, even though he was not personally a party to this case and was not mentioned in the Court's order. Docket No. 32 at 5-10. "It is well established, however, that an officer, responsible for the corporation's affairs and for its disobedience, may be held liable for contempt." <u>N.L.R.B. v. Maine Caterers, Inc.</u>, 732 F.2d 689, 691 (1st Cir. 1984) (citing <u>Wilson v. United States</u>, 221 U.S. 361, 376 (1911); <u>N.L.R.B. v. Int'l Shoe Corp. of Puerto Rico</u>, 423 F.2d 503, 505 (1st Cir. 1970)). As Optimum's President, Treasurer, Secretary, Director and Resident Agent, Mr. Williams controls Optimum's ability to comply with the Court's order and was therefore bound by it. In addition, there is no question that he had notice of the order as the letter enclosing the order was addressed to him and Mr. Sugerman-Brozan received a signed certified mail receipt. <u>See</u> Ex. B to Sugerman-Brozan Aff. Accordingly, the Court recommends that the District Court hold Mr. Williams in contempt as well.

4

D.     Sanctions

As sanctions for their failure to comply with the Court's order, plaintiffs request that the Court issue a capias against Mr. Williams to force compliance with the Court's order. Docket No. 32 at 10-13. In addition, plaintiffs seek an award of the attorney's fees and costs incurred in seeking Optimum's compliance with the order. Id. at 13-14. Finally, plaintiffs seek a fine of $250 for each day that Optimum and Mr. Williams continue to violate the Court's order. Id.

A trial court has broad discretion in fashioning sanctions for failure to comply with court orders. Goya Foods, Inc v. Wallack Mgmt. Co., 344 F.3d 16, 20 (1st Cir. 2003). "The purpose of civil contempt is to *coerce compliance* with an order of the court." United States v. Marquardo, 149 F.3d 36, 39 (1st Cir. 1998) (citation omitted; emphasis in original). Accordingly, a court may incarcerate the contemnor until he or she complies with the Court's order. See id. In addition, the Court may impose monetary sanctions. In crafting monetary sanctions, a court must:

> bear in mind not only the factual circumstances of the particular case but also the purpose for imposing the sanction in the first place. Because one purpose behind such a sanction is to compensate the aggrieved party for harm suffered in consequence of the sanctioned party's acts, the sanction 'must bear a reasonable relationship to the actual losses sustained by the injured party.' This does not mean, however, that compensation is the *only* factor the ordering court can consider.
>
> Sanctions stem, in part, from a need to regulate conduct during litigation. Thus, a sanction may properly have a punitive aspect. Similarly, deterrence may be considered in fixing the amount of a monetary sanction. Given these multiple purposes, a monetary sanction need not be perfectly commensurate, dollar for dollar, with the aggrieved party's actual loss.

Goya Foods, Inc., 344 F.3d at 20 (internal citations omitted; emphasis in original).

Based on the above considerations, the Court finds that an award of the plaintiffs' costs and attorney's fees in seeking compliance with the order is appropriate. The plaintiffs have

5

certified that they have incurred $3,440.11 in costs and attorney's fees in seeking Optimum's compliance with its discovery obligations and the Court's order. Therefore, the Court recommends that the District Court order Optimum and Mr. Williams to pay plaintiffs $3,440.11 within fourteen days of any order adopting this report and recommendation.

The Court declines to recommend the issuance of a capias or the imposition of a $250 per day fine at this time. The Court recommends that the District Court give Optimum and Mr. Williams one further opportunity to comply. Accordingly, the Court recommends that the District Court order Optimum and Mr. Williams to respond to the plaintiffs' May 8, 2015 discovery requests within fourteen days of any order adopting the report and recommendation. If Optimum and Mr. Williams fail to comply within fourteen days, then the Court recommends that the District Court, at that time, issue a capias to bring Mr. Williams before the Court and impose a $250 fine for each day that Optimum and Mr. Williams continue to violate the Court's order.

III.  RECOMMENDATION

For the foregoing reasons, the Court recommends that the District Court grant in part the plaintiffs' motion for a finding of civil contempt and hold both Optimum and Mr. Williams in contempt of court. The Court also recommends that the District Court order Optimum and Mr. Williams to pay the plaintiffs $3,440.11 within fourteen days of any order adopting this report and recommendation. Finally, if Optimum and Mr. Williams fail to respond to the plaintiffs' May 8, 2015 discovery requests within 14 days of any order adopting this report and recommendation, the Court recommends that the District Court issue a capias to bring Mr. Williams before the Court and impose a $250 fine for each day that Optimum and Mr. Williams continue to violate the Court's order.

IV.     REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hosp., 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).


                              /s/ Jennifer C. Boal
                              JENNIFER C. BOAL
                              UNITED STATES MAGISTRATE JUDGE