UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| BARRY C. McANARNEY, as he is EXECUTIVE DIRECTOR, MASSACHUSETTS LABORERS' HEALTH AND WELFARE FUND, MASSACHUSETTS LABORERS' PENSION FUND and MASSACHUSETTS LABORERS' ANNUITY FUND, et al., <br><br> Plaintiffs, <br><br> v. <br><br> OPTIMUM BUILDING & INSPECTION CORPORATION, <br><br> Defendant. | Civil Action No. 13-11115-GAO |

REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S APPLICATION
FOR SUPPLEMENTARY PROCESS PURSUANT TO M.G.L. c. 224, § 14

October 19, 2017

Boal, M.J.

On May 8, 2017, an examination of Jeffrey Williams, as President of defendant and judgment debtor Optimum Building and Inspection Corporation ("Optimum"), was conducted, under oath, pursuant to the provisions of M.G.L. c. 224, §§ 14-16. At the conclusion of the examination, the parties agreed that Optimum would provide additional documents to Plaintiffs. The Court ordered the Plaintiffs to file a status report regarding whether they were satisfied with Optimum's production of documents and whether they sought additional documents and/or testimony. Docket No. 49. The Court also ordered the Plaintiffs to file proposed findings regarding whether Optimum is able to pay the judgment in full or by partial payments. Id. After

1

several extensions of the deadline for complying with the Court's order, on October 3, 2017, the Plaintiffs filed a status report stating that they are satisfied with Optimum's production of documents and that Optimum is currently without assets to satisfy the judgment. Docket No. 58. Plaintiffs also filed proposed findings regarding Optimum's ability to pay the judgment in full or by partial payments. Docket No. 58-1.

Rule 69 of the Federal Rules of Civil Procedure provides that the process to enforce a judgment "must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). Under Massachusetts law, supplementary process generally enables a judgment creditor, such as the Plaintiffs, to apply for supplementary process and for examination of the judgment debtor with respect to its property and its ability to pay. See In re Birchall, 454 Mass. 837, 844 (2009) (citing M.G.L. c. 224, §§ 14, 15; Giarruso v. Payson, 272 Mass. 417, 418 (1930)).

"If the judge, after a full hearing at which the judgment creditor bears the burden of proof, finds that the judgment debtor, excluding certain property and income exempted by statute, is able to pay the judgment in full or by partial payments, the judge may order the debtor to pay the judgment, plus interest and costs, either in full or through partial payments over time." In re Birchall, 454 Mass. at 844 (citing M.G.L. c. 224, § 16). "If the judge finds that the debtor has no nonexempt property and is unable to pay the judgment, either in full or through partial payments, the proceedings may be dismissed." Id. "The court may at any time renew, revise, modify, suspend or revoke any order made in any proceedings." Id.

Based on the testimony at the May 8, 2017 hearing and the parties' submissions, this Court makes the following findings of fact:

1. Optimum has cooperated with the Plaintiffs' request for documents and information.

2. Optimum does not have, at the moment, any liquid assets to satisfy the Judgment, either partially or in full.

3. Plaintiffs have identified a possible third party source of recovery in the form of an account receivable of Optimum.

In light of the foregoing, the Court recommends that the District Judge assigned to this case enter an order that:

1. Optimum should continue to cooperate with the Plaintiffs in providing requested documents and information and in assisting the Plaintiffs in pursuing the account receivable which may satisfy part or all of the judgment in this action;

2. The judgment in this matter is valid and binding upon Optimum and that the Plaintiffs have the right to seek a writ of execution and to attempt to levy execution at any time during the validity of the judgment; and

3. Dismisses these supplementary process proceedings.[1]

          /s/ Jennifer C. Boal
          JENNIFER C. BOAL
          United States Magistrate Judge

---

[1] The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections. See Fed. R. Civ. P. 72. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation. See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).